Ir 591.



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY. GENERAL

Honorable W. B. King, Accountant
Joint Legislative Committee
Austin, Texas

Dear Sir:

Opinion No. O-6332
Re: Under the facts submitted,
should the per capita earn-
ings of pupils who are be-
ing schooled outside the
State of Texas, be included
in the computation of per
capita resources in the
home districts' Application
for Equalization Aid?

We are in receipt of your letter of recent date re-
questing the opinion of this department on the above stated
matter. Your letter, in part, reads as follows:

"Just recently we have had a case to arise
in Panola County in which no school, within the
district in question, is accessible to fourteen
of the total net scholastics eligible for per
capita payment. As a result, these pupils are
in attendance at a school in the De Sota Parish
in the State of Louisiana. The County Superin-
tendent of Panola County and the Superintendent
of the De Sota Parish school were in agreement
that the Louisiana school would teach the four-
teen scholastics for an amount equivalent to
their per capita earnings. An application carry-
ing forth this agreement was submitted to and
approved by the State Department of Education.

"Pursuant to this situation, we should like
to have your opinion on the following question:
Since these pupils, although not transferred out,
are being schooled without the State of Texas,
may the sending district omit them from the per
capita computation in the receipts of the Appli-
cation for Equalization Aid? Or may it be charged
in the current expenditure section of the Equaliza-
tion Aid Budget under Item J, in addition to the
limitations as prescribed in Article 4, Section 1,
for other current expenses?"

Hon. W. B. King, page 2

In order to answer the questions contained in
your letter, it is necessary to determine by what authority
the fourteen pupils may be permitted to attend school in
the Louisiana district and have an amount equivalent to
their per capita money paid to the Louisiana district by
the common school district in Panola County. After consid-
ering the provisions of many statutes, we have concluded
that Article 2699a, V.A.C. S., is pertinent to your inquiry.
Article 2699a, provides:

"Any child who would be entitled to attend
the public school of any district that lies on
the border of Louisiana, Arkansas, Oklahoma and
New Mexico and who may find it more convenient
to attend the public school in a district of a
county of said State contiguous to said district
in Texas, may have the State and County per
capita apportionment of the Available School Fund
paid to said district in said State and may have
additional tuition, if necessary, paid by the
district of his residence on such terms as may be
agreed upon between the trustees of the district
of residence of such child, subject to the approval
of the County Superintendent and the County Board
of Trustees of the Texas district and county; pro-
vided, that the restrictions of the Texas Statutes
shall apply to the amount paid for high school
tuition. Acts 1931, 42nd Leg., p. 192, ch. 113,
§ 1."

We think that the foregoing Article contemplates an
agreement between the Texas district and the out of State
district with reference to the Texas pupils' attending school
in the out of State district, and we assume that when the
County Superintendent of Panola County and the Superintendent
of the De Sota Parish School were in agreement that the
Louisiana school would teach the fourteen pupils for an amount
equivalent to their per capita earnings, said arrangement was
satisfactory to and acquiesced in by the trustees of each of
the districts concerned.

In Opinion No. O-5805, this department held that
Article 2699a provided a method of transfer of such pupils and
authorized the payment of the amount of the per capita to the
receiving district. In this case, the per capita money on the

fourteen pupils is paid to the common school district in Panola County, and under the provisions of Article 2699a, "Any child who would be entitled to attend the public school of any district that lies on the border of Louisiana ......., and who may find it more convenient to attend the public school in a district of a county of said State contiguous to said district in Texas, may have the State and County per capita apportionment of the Available School Fund paid to said district in said State....." In view of this provision, and the circumstances in this case, we think that the Texas district should pay to the Louisiana district such amount as it receives as per capita money on the fourteen pupils who are attending school in said Louisiana district, and said amount would not constitute a resource for the operation of the school in the Texas district, but would, in fact, constitute a transfer of resources for the benefit of the receiving district. In no way does this amount constitute a true asset or resource for the benefit of the children who are in attendance in the home district. We think that the Equalization Aid Law contemplates that the resources of the home district derived from the per capita of pupils for whom instruction is provided locally, together with the local maintenance tax, shall be used to pay the expenditures, which are limited to designated items for the purpose of providing instruction for said pupils, and whenever the expenditures for said purposes are greater than the aforesaid resources of the home district, the State balances the budget by means of Equalization Aid.

In view of the foregoing statutory provisions and in view of the facts submitted, it is our opinion that the amount representing the per capita money of the fourteen pupils who are attending school in the Louisiana district should not be included in the computation of the per capita resources of the district in Panola County in its Application for Equalization Aid. It is our further opinion that said amount should not be considered in the computation of the expenditures in the Equalization Aid Application.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By:

JAE:rt

J. A. Ellis
Assistant

APPROVED AUG 20 1945